UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVITA G. MARQUEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-03012-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Docket No. 36 |

## I. INTRODUCTION

Plaintiffs Jovita Marquez and Bruce Harrell brought this lawsuit challenging a non-judicial foreclosure on their property. They assert various claims based on Defendants' allegedly unfair and deceptive mortgage practices. After Plaintiffs filed their first amended complaint, Docket No. 34 ("FAC"), Defendants filed the instant motion to dismiss, Docket No. 36 ("Motion"). The Court **GRANTS** the motion and dismisses the FAC with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2006, Plaintiffs obtained a loan from AMC Mortgage Services, Inc., in the amount of $814,500. FAC ¶ 15. The loan was secured by a Deed of Trust ("DOT") against Plaintiffs' property. Docket No. 36-1 ("Request for Judicial Notice" or "RJN") Ex. A.[1] Plaintiffs

---

[1] Defendants request that the Court take judicial notice of various documents connected with Plaintiffs property, including the DOT, two Assignments of the DOT, the Substitution of Trustee, the Notice of Default, three Notices of Trustee's Sale, and the Trustee's Deed Upon Sale. *See* RJN Exs. A-I. "The court may judicially notice a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because Defendants' documents are matters of public record, they fall within both of these categories. Accordingly, the Court grants the request for judicial notice. The Court will therefore consider these documents in ruling on the instant motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary

allege that in providing the loan, AMC "did not use its own funds . . . but rather used funds from Argent Mortgage Company, LLC who relied upon funding from EMC Mortgage based on a purchase and funding agreement with Bear Stearns." FAC ¶ 9.[2] Plaintiffs further allege that AMC "concealed it was acting as a broker and materially mispresented [sic] it was the 'lender' as identified on the Note and Deed of Trust." FAC ¶ 11. Accordingly, "the loan was never consummated on the basis that the true lender was never identified as required by both California and Federal law." FAC ¶ 22.

In 2007 the DOT was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS"). RJN Ex. B. ("2007 ADOT"). Plaintiffs allege that the 2007 ADOT was invalid because it was signed on behalf of AMC by an individual who was not actually an employee of the company, and further that the signature used was a "forgery." FAC ¶¶ 27-29. In 2012, the DOT was again assigned to U.S. Bank as Trustee. RJN Ex. C. ("2012 ADOT"). Plaintiffs allege that the 2012 ADOT was invalid because it, too, was signed by an individual who lacked authority to act on behalf of MERS. Plaintiffs further argue that the parties to these assignments cannot now ratify the signatures in question because none of the parties were the "valid lender or beneficiary to the deed of trust with any legal interest to assign." Docket No. 43 ("Opp.") at 5.

On October 8, 2012, U.S. Bank as Trustee executed a Substitution of Trustee appointing NDSC as Trustee. RJN Ex. D. On October 25, 2012, NDSC caused a Notice of Default and Election to Sell Under Deed of Trust ("NOD") to be recorded on the property. RJN Ex. E. After two Notice of Trustee's Sales issued following which no sale went forward, on January 8, 2016, NDSC recorded a third Notice of Trustee's Sale. RJN Ex. H. On May 12, 2016, the Property was sold at a non-judicial foreclosure sale. RJN Ex. I. Plaintiffs nonetheless remain in the property. Docket No. 44 ("Reply") at 5.

In their FAC, Plaintiffs assert the following causes of action: (1) Cancellation of

---

judgment.").

[2] This Order tracks the paragraph numbers Plaintiffs use in their FAC, but the Court notes that those numbers are sometimes out of sequence. Thus, ¶ 9, cited here, appears later than ¶ 15, cited above.

1  Instruments; (2) Slander of Title; (3) Declaratory Judgment and Injunctive Relief; (4) Breach of
2  Contract; (5) Wrongful Foreclosure; and (6) Violation of California Business & Professions Code
3  § 17200.

### III. DISCUSSION

A. Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not "a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

B. Statute of Limitations

Defendants first argue that all of Plaintiffs' claims save their fourth, for Breach of Contract, are barred by the applicable statute of limitations. The Court agrees. As Defendants note, Plaintiffs' first, second, third, fifth, and sixth claims all sound in fraud. They are each based on alleged misrepresentations, omissions, concealments, and forgeries with respect to the origination and assignment of the loan and DOT. Most significantly, each of these claims is based on the allegation that AMC wrongfully concealed the fact that it was not the true source of funding

3

for Plaintiffs' loan. Under California law, an "action for relief on the ground of fraud" must be brought within three years. Cal. Civ. Proc. Code § 338(d). The frauds Plaintiffs complain about took place in 2006, 2007, and 2012, the dates of the DOT and the two ADOTs, respectively. Their initial complaint was filed in state court on April 26, 2016. Docket No. 1. Accordingly, Plaintiffs' claims fall outside the applicable limitations period.

Plaintiffs' arguments in response are unavailing. First, Plaintiffs claim that Defendants are estopped from asserting the statute of limitations because they "have taken very specific and deliberate steps to conceal the nature and implications of the above transactions from Plaintiffs." Opp. at 8. But the only such "step" Plaintiffs allude to is the initial alleged "misidentif[ication] of the actual lender" on the DOT. It is true that under California law, the limitations period does not run "until the discovery, by the aggrieved party, of the facts constituting the fraud," Cal. Civ. Proc. Code § 338(d). Plaintiffs do not assert the discovery rule as a basis for delayed accrual of a fraud claim. *See Johannson v. Wachovia Mortg., FSB*, No. C 11-02822 WHA, 2012 WL 1594829, at *4 (N.D. Cal. May 4, 2012) ("An exception to the accrual rule is the 'discovery rule,' which 'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action.'" (quoting *Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th 797, 807 (2005)). Plaintiffs do not allege, either in the FAC or in their Opposition to the instant motion, that they were unaware of the facts underlying the alleged fraud until April 23, 2013 or later.

Plaintiffs argue that the statutory period is actually five years, and that it did not begin to run until the trustee sale. The cases Plaintiffs cite are inapplicable, as they do not involve claims of fraud. *See, e.g.*, *Robertson v. Superior Court*, 90 Cal. App. 4th 1319, 1328 (2001). To the contrary, this Court has made clear that "claims for intentional misrepresentation and suppression of facts, with regard to the origination of [a] loan" are subject to the three-year limitations period for fraud claims, and that the period begins to run when the fraud is complete. *Johannson*, No. C 11-02822 WHA, 2012 WL 1594829, at *4.

Accordingly, the Court agrees that Plaintiffs' first, second, third, fifth, and sixth claims are barred by the statute of limitations.

4

C.      The Merits of Plaintiffs' Claims

The Court further finds that Plaintiffs' claims fail on the merits. As noted above, each of the first, second, third, fifth, and sixth claims are premised on Plaintiffs' central allegation, that the DOT is void – and the loan was an "illegal transaction" – because AMC allegedly concealed the true source of the loan's funding. But as this Court has previously explained, "courts that have considered arguments identical to Plaintiff's – that a borrower's mortgage loan documents allegedly fail to identify the borrower's "true lender" and therefore . . . the mortgage loan was never consummated – have unanimously rejected it." *Sotanski v. HSBC Bank USA, Nat'l Ass'n*, No. 15-CV-01489-LHK, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015), *aff'd sub nom. Sotanski v. HSBC Bank USA, NA*, No. 15-16798, 2016 WL 7407292 (9th Cir. Dec. 22, 2016); *see also Mohanna v. Bank of Am., N.A.*, No. 16-CV-01033-HSG, 2016 WL 1729996, at *5 (N.D. Cal. May 2, 2016); *Ramos v. U.S. Bank*, No. 12-CV-1820- IEG, 2012 WL 4062499, at *1 (S.D. Cal. Sept. 14, 2012) (holding that where "a lender was plainly identified . . . the loan was consummated regardless of how or by whom the lender was ultimately funded"). Plaintiffs' contrary argument relies on the Ninth Circuit's decision in *Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989), in which the Ninth Circuit held that a loan was not consummated where, on the loan documents, the name of the lender was left entirely blank, such that no entity at all "had agreed to extend credit to Jackson." Each of the cases cited above specifically rejected the contention that *Jackson* applies where a lender *is* identified, but a plaintiff alleges that the lender is not the "true" lender. *Jackson* is inapposite. Plaintiffs provide no basis for the Court to depart from the line of cases rejecting their argument. Accordingly, Plaintiffs' claims predicated on the contention that the DOT represented an "illegal" or "void" transaction fail to state a claim.

The Court also rejects Plaintiffs' allegations that the ADOTs are invalid. Plaintiffs appear to allege that the ADOTs are void because they were "robo-signed" by individuals without authority to act on behalf of the assigning entities. *See* FAC ¶¶ 27-29, 38-40; Opp. at 5-6. This and other courts have repeatedly rejected the argument that allegations of robo-signing affect the validity of a foreclosure where, as here, the Plaintiff does not dispute having actually received the benefit of the loan and cannot show actual prejudice from the alleged robo-signing. *See, e.g.*,

1  *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014) ("[N]umerous
2  courts have found that where a plaintiff alleges that a document is void due to robo-signing, yet
3  does not contest the validity of the underlying debt, and is not a party to the assignment, the
4  plaintiff does not have standing to contest the alleged fraudulent transfer."); *Elliott v. Mortg. Elec.*
5  *Registration Sys., Inc.*, No. 12-CV-4370 YGR, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013)
6  ("'[R]obo-signing' does not have any bearing on the validity of the foreclosure process here."); *In*
7  *re Sladky*, No. 12-53103, 2013 WL 2475908, at *6 (Bankr. N.D. Cal. June 10, 2013) (dismissing
8  claim based on robo-signing where "[d]ebtors do not allege that no entity could have foreclosed or
9  they were not in default on the note, or that the foreclosure sale would not have occurred but for
10 the alleged irregularities in the chain of title"). Plaintiffs cite no contrary authority. Even if the
11 Court were to accept Plaintiffs' conclusory allegations of robo-signing, they cannot point to any
12 harm that the alleged robo-signing caused.

13    Because Plaintiffs' allegations regarding the DOT and the ADOTs fail to state a claim,
14 their first, second, third, fifth, and sixth causes of action must be dismissed.

15    That leaves only Plaintiffs' fourth claim, for breach of contract. Plaintiffs allege that
16 Defendants breached their agreement by failing, in their Notice of Default, to inform Plaintiffs of
17 their right to bring a court action to assert the non-existence of a default, as required by ¶ 22 of the
18 DOT. *See* RJN Ex. A ¶ 22.  Under California law, a Plaintiff must prove four elements to prevail
19 in a breach of contract claim: "the existence of the contract, performance by the plaintiff or excuse
20 for nonperformance, breach by the defendant and damages." *First Commercial Mortg. Co. v.*
21 *Reece*, 89 Cal. App. 4th 731, 745 (2001). Here, Plaintiffs cannot show that their own
22 performance. Plaintiffs nowhere allege that they have made the required payments under the
23 DOT. In their Opposition to the instant motion, Plaintiffs state that "they are not in default," Opp.
24 at 13, but this claim appears to be based only on the allegation that they "have no legal obligation
25 to make a payment other than to the actual creditor," FAC ¶ 47. Plaintiffs do not allege they were
26 current on their payments. The Court has already rejected the premise of Plaintiffs' argument, for
27 the reasons stated above. Accordingly, the Court dismisses this claim as well.
28

6

D. Leave to Amend

"Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Here, Plaintiffs have already amended their complaint once. Their FAC, nonetheless, not only lacks sufficient factual allegations to support a claim, but also contains no viable legal theory that could be salvaged through amendment. Accordingly, any amendment would be futile. The Court therefore **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiffs' claims with prejudice. The Clerk is instructed to enter judgment in this case and close the file.

This order disposes of Docket No. 36.

**IT IS SO ORDERED**.

Dated: March 16, 2017

_____
EDWARD M. CHEN
United States District Judge

7